(62 Misc. Rep. 624.)

### CONNOLLY v. PETERSON.

(Supreme Court, Appellate Term. April 8, 1909.)

1. MASTER AND SERVANT (§ 278*)—INJURY TO SERVANT—DEFECTIVE SCAFFOLDING—EVIDENCE.

   That an employé on a scaffold used a beam thereof for a purpose not contemplated by the parties, and was injured by its breaking, is not evidence that the platform was unsafe, under Labor Law (Laws 1897, p. 467, c. 415) § 18, forbidding unsafe scaffolding.

   [Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 958; Dec. Dig. § 278.*]

2. MASTER AND SERVANT (§ 265*)—INJURY TO SERVANT—DEFECTIVE SCAFFOLDING—EVIDENCE—RES IPSA LOQUITUR.

   An employé, injured by falling from a scaffold, who only shows the happening of the accident by his using a beam thereof for a purpose not

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

contemplated by the parties, does not show that the scaffold was improper, under Labor Law (Laws 1897, p. 467, c. 415) § 18, forbidding improper scaffolding.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 887; Dec. Dig. § 265.*]

Appeal from Municipal Court, Borough of Manhattan, Fourth District.

Action by Edward Connolly against Charles Peterson. From a judgment for plaintiff, defendant appeals. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and SEABURY and LEHMAN, JJ.

George H. Abbott, for appellant.
Jacob C. Brand, for respondent.

LEHMAN, J. The plaintiff was a laborer, whose duty it was to stand on a platform some 10 feet above the ground and hand up bundles of flooring to a man at the second-story window. In the course of his employment, one bundle opened and a strip of flooring fell out and stunned him. He fell, and, in falling, grasped a support of the scaffold, which extended from the ground to about 3 feet above the flooring. This support was a thin piece of wood, and broke when he grasped it, and he fell into the street. There was no railing upon the platform.

The action is brought under section 18 of the labor law (Laws 1897, p. 467, c. 415), forbidding the employer to furnish scaffolding which is "unsafe, unsuitable or improper." The evidence shows that these supports were of varying height above the floor of the platform, depending upon the length of the beams used for this purpose. It would appear that they had no other purpose than to support the platform, and were allowed to extend above the floor simply because it was more convenient to build the platform in that way, and not to give greater security to the workmen. The plaintiff, in this case, used the beam for a purpose not shown to have been contemplated by the parties, and the fact that it broke under such circumstances is not evidence that the platform was unsafe.

The plaintiff, however, claims that the platform was unsafe and unsuitable by reason of there being no railing thereon, or any guard for the laborers, unless these supports were intended as guards. It seems that it is a question of fact whether a scaffolding in any particular case is sufficient to comply with the requirements of the law, and the plaintiff has not in this case presented any evidence, other than the accident itself, to show that a scaffolding without railing or guard was improper or unsuitable for this work.

The judgment should therefore be reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes